27 N.J. Super. 248 (1953)
99 A.2d 326
ANNA MUSZYNSKI, PLAINTIFF-APPELLANT,
v.
NEW JERSEY TURNPIKE AUTHORITY, ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 3, 1953.
Decided August 31, 1953.
*249 Before Judges BIGELOW, DANIEL J. BRENNAN and HUGHES.
Mr. Louis J. Greenberg argued the cause for the appellant (Mr. Samuel M. Cole, attorney).
Mr. Ward J. Herbert argued the cause for the respondent.
*250 The opinion of the court was delivered by DANIEL J. BRENNAN, J.S.C. (temporarily assigned).
This matter is before the court on an appeal from the action of the Superior Court, Law Division, Hudson County, dismissing the plaintiff's complaint.
The pertinent facts are that plaintiff filed a complaint for asserted damages to her property arising out of the taking of her lands by the defendant. It appears that plaintiff gave her voluntary consent for the occupation of her property by the instrumentality of a right of entry for the purpose of facilitating the construction of a highway thereon. It was suggested by counsel for the plaintiff that this authority was revocable in character. Not so. A reading of the text thereof indicates quite clearly that the permission was irrevocable. Nonetheless plaintiff instituted the within cause of action, and this independent of any other right she would have for the ultimate taking by the defendant by way of condemnation.
There had been reasonably substantial negotiations looking toward the acquisition of this property without the obligation to condemn. These took a substantial length of time and were fruitless. The defendant then instituted condemnation proceedings. The pertinent question is whether or not plaintiff is entitled to sue for damages separate and apart from those she would take by the condemnation process.
The court below bases its dismissal on Miller v. Port of New York Authority, 18 N.J. Misc. 601 (Sup. Ct. Hudson County, 1939). The opinion there is by then Circuit Court Judge, later Supreme Court Justice Ackerson, sitting as supreme court commissioner. The opinion indicates substantial research on the court's part as to whether or not there was any ground for recovery except such as might be evoked on the basis of condemnation, and the court decided that question in the negative. It is instructive to read some of the court's reasons. On page 603 of Miller v. Port of New York Authority, supra, there is this outgiving by the Court: "It is, of course, fundamental that sovereign states cannot, without their consent, be sued in their own courts, *251 where no provision to the contrary exists in their constitutions or by special enactment," citing cases. On the same page there is, in the third paragraph, a projection by the court which is worth reproduction. The following is the exact tenor thereof: "The construction, maintenance and operation of highways, bridges and tunnels is one of the primary governmental functions of the states," citing cases.
The court held in substance in the Miller case, supra, that the Port of New York Authority was the alter ego of the State and there could be no recovery against it, except on the basis of the condemnation process where negotiations had failed. The case of Miller v. Port of New York Authority, supra, is here controlling. The legal status of the defendant here is in the same category as that of the Port of New York Authority in the Miller case, supra. The Turnpike Authority is the State's alter ego. The plaintiff had no right of action of the kind sought to be invoked before the Superior Court, Law Division, Hudson County, and the judgment of dismissal on the court's part was the proper disposition.
There is a remedy open to the affected party if the action of the condemning authority is delayed or dilatory. The aggrieved party may compel condemnation by a proceeding in lieu of prerogative writ under present rules of court.
The judgment is affirmed but without costs.